**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

DOUGLAS S. DREWS,                )
                                 )
            Appellant,           )
                                 )
      v.                         )          C.A. N16A-03-001 AML
                                 )
DIVISION OF UNEMPLOYMENT         )
INSURANCE & UNEMPLOYMENT         )
INSURANCE APPEAL BOARD,          )
                                 )
            Appellees.           )

Submitted: January 12, 2017
Decided: April 19, 2017

**ORDER**

**On appeal from the Unemployment Insurance Appeal Board: AFFIRMED**

1.     This is one of two appeals Douglas S. Drews has taken from two separate Unemployment Insurance Appeal Board (the "Board") decisions after remand. The Board's decision found that the claimant received an overpayment of unemployment benefits. The claimant argues, as he did to the Board, that he did not receive an overpayment of benefits based on his calculations. The question is whether the Board's decision is supported by substantial evidence and free from legal error. For the reasons that follow, I conclude it is.

2. On March 4, 2015, a claims deputy determined Drews received a "non-fraudulent overpayment" totaling $135.00 over a five-week period.[1] Drews timely appealed that decision on March 9, 2015.[2] On April 27, 2015, an appeals referee held a hearing.[3]

3. On April 27, 2015, the appeals referee issued a decision affirming the claims deputy's determination that Drews was overpaid by $135.00.[4] The appeals referee determined that although Drews contended he fully reported his earnings, his calculations "do[] not match with the requirement that the overall amount be divided equally over the weeks at issue, in accordance with the regulations."[5] Drews timely appealed the appeals referee's decision to the Board on April 29, 2015.[6]

4. The Board held a hearing on June 10, 2015.[7] On July 6, 2015, the Board affirmed the appeals referee's decision, finding Drews liable for the $135.00 overpayment.[8] Drews timely appealed the Board's decision to this Court.

5. Drews' appeal was assigned to another member of this Court, who affirmed the Board's decision that Drews is liable to repay the overpayment of

---

[1] R. at 1.
[2] Id. at 3.
[3] Id. at 13.
[4] Id. at 26-28.
[5] Id. at 27.
[6] Id. at 37.
[7] Id. at 40.
[8] Id. at 48.

unemployment benefits that he received, but reversed and remanded the case back to the Board to specify how the $135.00 overpayment was calculated.[9]

6. On remand, the Board determined Drews received an overpayment of $130.00 in unemployment benefits.[10] The Board's March 3, 2016 decision details its calculations, indicating Drews was overpaid $26.00 a week, rather than $27.00.[11] The Board explained the discrepancy was "due to an error in rounding the original calculation."[12]

7. On March 4, 2016, Drews again timely appealed the Board's decision to this Court.[13] Drews continues to dispute the manner in which the overpayment should be calculated and maintains he does "not owe any money [because] all earned income was noted/claimed."[14] In response, the Division of Unemployment Insurance (the "Division") argues that this Court already rejected Drews' way of calculating the benefits he received and therefore the only issue on remand is whether the record supports the calculation of the overpayment amount. The Division contends that the Board's March 3, 2016 decision specifies how the

---

[9] *Id.* at 70-71.
[10] *Id.* at 72.
[11] *Id.* at 73.
[12] *Id. See* 19 *Del. C.* § 3313(m), requiring: "Such sum, if not an even dollar, shall be rounded down to the next whole dollar."
[13] R. at 78. Due to a conflict that arose for the judge who heard Drews' first appeal, this second appeal after remand was re-assigned. D.I. 10.
[14] R. at 79.

3

overpayment amount was calculated, and therefore the decision should be affirmed.[15]

8. This Court's review of the Board's decision is limited to whether the Board's findings were supported by substantial evidence and whether the decision is free from legal error.[16] Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."[17] The Court will not weigh evidence, determine questions of credibility, or make its own factual findings and conclusions.[18]

9. This appeal is limited to calculating the overpayment amount. Drews does not dispute the Board's calculations based on the statute's equation. Rather, he continues to maintain that his way of calculating unemployment benefits makes more sense under his circumstances and therefore is the correct way. That argument, however, previously was considered and rejected by this Court.[19] I therefore only am considering whether the Board's calculation of overpayment benefits is supported by substantial evidence and free from legal error.

---

[15] Division's Answering Br. 2. The Board did not file an answering brief, asserting that the "underlying case was decided on the merits" and "the Appellant raises only challenges to the Board's decision on the merits." D.I. 9.

[16] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 781-82 (Del. 2011); *Deysher v. Unemployment Ins. Appeal Bd.*, 2011 WL 7063475, at *1 (Del. Super. Sept. 28, 2011) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)) (defining substantial evidence as "evidence from which the Board could fairly and reasonably reach its conclusion").

[17] *Murphy & Landon, P.A. v. Pernic*, 121 A.3d 1215, 1221 (Del. 2015).

[18] *Thompson*, 25 A.3d at 782.

[19] R. at 70.

10.     To keep things in perspective: the Division has opposed appeals in this matter twice over a $130.00 non-fraudulent overpayment. One begins to wonder if it is in the State's best interest to expend this level of resources to recoup a relatively small sum. Nevertheless, this Court must decide the cases that come before it. On remand, the Board specifically illustrated how unemployment benefits are calculated under 19 *Del. C.* § 3313(m).[20] Using the weekly compensation Drews reported ($295.00), and the weekly compensation he should have reported ($321.43), the Board determined Drews was overpaid by $26.00 a week. The Board also explained how an error in rounding in the original calculation resulted in $27.00 a week for a total of $135.00 for five weeks.[21] Based on the present record, the Board's decision is supported by substantial evidence and free from legal error.

For the foregoing reasons, the Unemployment Insurance Appeal Board's March 3, 2016 decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Abigail M. LeGrow, Judge

Original to Prothonotary
cc:     Paige J. Schmittinger, Deputy Attorney General
        Victoria W. Counihan, Deputy Attorney General
        Mr. Douglas S. Drews, *pro se* (via First Class Mail)

---

[20] *Id.* at 73.
[21] *Id.*